IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRANCE EUGENE TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 1:12-cv-01689-VEH-JEO |
| ) | |
| WARDEN JOHN T. RATHMAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Terrance Eugene Taylor filed this application for a writ of habeas corpus seeking immediate release from federal custody. (Doc. 1). He alleges that his federal sentence has been fully served, and that he is being held illegally by the United States. (*Id*. at 6). The matter was referred to a magistrate judge for preliminary review. On June 17, 2014, the magistrate judge entered a report and recommendation finding that the application for a writ of habeas corpus was due to be denied. (Doc. 33). The petitioner filed objections to the findings and conclusion of the magistrate judge. (Doc. 34).

### BACKGROUND

In the report and recommendation, the magistrate judge found as follows:

> The petitioner was arrested on May 12, 2002, in Dekalb County, Georgia on charges of possession of cocaine and possession of a firearm during a crime. (Doc. 11-3 at ¶ 37; Doc. 11-4 at ¶ 6). The petitioner spent one day in custody ... and was released. (*Id.*)  On October 9, 2002, authorities from Dekalb County, Georgia arrested the petitioner for murder ... and for violating his probation... (Doc. 11-3 at ¶ 28; Doc. 11-5; Doc. 11- 4 at ¶ 6).
>
> On June 18, 2003, the petitioner was indicted on federal charges in the Northern District of Georgia for possession of a firearm by a convicted felon and simple possession of cocaine. (Doc. 11-6; Doc. 11-7; Doc.11-4 at ¶ 7). Apparently premised on the previous arrest in Dekalb County.

On June 24, 2003, the petitioner's probation was revoked ... and he was sentenced to 18 months in prison, with credit for time served since October 9, 2002 ("Dekalb County Sentence"). (Doc. 1-1 at 24 of 41; Doc.11-4 at ¶ 6; Doc. 17 at 5). Prosecutors from Dekalb County did not prosecute the murder charge.... (Doc. 11-4 at ¶ 6).

On June 27, 2003, the petitioner was "borrowed" pursuant to a federal writ of habeas corpus *ad prosequendum* and arraigned on the federal charges. (Doc. 11-6; Doc. 11-4 at ¶ 7).[1]

On September 18, 2003, Liberty County, Georgia issued a Special Presentment Bench Warrant for Taylor's arrest, charging him with murder and felony murder.... (Doc.11-8; Doc.11-4 at ¶ 7). The warrant was lodged as a detainer with the Dekalb County authorities on October 1, 2003. (Doc. 31-1 at 8 of 20 Attachment A2)).

On April 8, 2004, the petitioner completed his 18-month Dekalb County sentence. (Doc. 26-1 at ¶ 2 see also Doc. 26-1 at 5 of 11).

United States District Judge Jack T. Camp sentenced the petitioner in his federal case to 57 months in prison on April 14, 2004 ("Federal Sentence"). (Doc. 1-1 at 28 of 41; Doc. 11-2; Doc 11-4 at ¶ 8). According to the judgment in that case, the federal sentence is to run consecutive to the state sentence in the Dekalb County case (no. 98-CR-2605). (*Id.*) The petitioner was returned to state custody to continue his state sentence with the federal judgment lodged as a detainer. (Doc. 11-6 at 2, Section III; Doc. 11-4 at ¶ 8; Doc. 31-1 at 5 of 20[2]). Judge Camp's judgment was silent regarding the pending charges in Liberty County, Georgia. (Doc. 11-2; Doc. 11-4 at ¶ 8).

---

[1] There is a dispute as to how long he was in federal custody at this time. Respondents have submitted an affidavit indicating that he was returned to Georgia State custody the same day (Doc. 11-4 at ¶ 7). However, the petitioner asserts that this is false. (Doc. 15 at ¶ 4). That does not impact the present case in that the petitioner was "deemed" to be in state custody during the entire time; thus, he received credit on his state sentences for the entire time he was in state custody and for the entire time he was in federal custody.

[2] A letter from the United States Marshal for the Northern District of Georgia to the United States Marshal in Savannah, Georgia (Southern District of Georgia) dated May 12, 2004, notes that the petitioner "has been transferred to Liberty Co. S[heriff's] O[ffice], Ga. for 2 counts of felony murder. Please file a J&C detainer with their office." (Doc. 31-1 at 5 of 20 (Attachment A1)).

On April 29, 2004, authorities in Dekalb County, Georgia released Taylor to authorities in Liberty County, Georgia pursuant to the bench warrant, which acted as a detainer. (Doc. 11-5; Doc. 11-9; Doc. 11-4 at ¶ 9; Doc. 31-1 at 8 of 20). On February 8, 2005, Judge David L. Cavender sentenced the petitioner in the Superior Court of Liberty County to a term of seven years in prison for aggravated assault ... ("Liberty County Sentence"). (Doc 11-10, Doc. 11-4 at ¶ 9; Doc. 31-1 at 14 of 20 (Attachment A5). The petitioner was awarded credit for the time he spent in custody between April 29, 2004, and February 7, 2005, on that sentence. (Doc. 11-9; Doc. 11-4 at ¶ 9).

The United States Marshal for the Northern District of Georgia lodged a detainer with the Georgia Department of Corrections on June 16, 2005, regarding the petitioner.[3] (Doc. 31-1 at 10 of 20 (Attachment A3)). The Georgia Department of Corrections acknowledged receipt of the detainer and the filing of the same against the petitioner Taylor on June 21, 2005. (*Id*. at 12 of 20 (Attachment A4)).

Taylor completed his Liberty County sentence and was released by the State of Georgia to the United States Marshals Service to begin serving his federal sentence on April 21, 2011. (Doc.11-9; Doc. 11-11; Doc. 31-1 at 16, 18 & 20 of 20; Doc. 31-1 at 18 of 20 (Attachment A7)). The Bureau of Prison ("BOP") prepared a sentence computation for Taylor based on his Federal Sentence of fifty-seven months confinement. (Doc. 11-1 at 2; Doc. 11-4 at ¶ 10). The petitioner's projected release date is May 22, 2015. (Doc. 11-1 at 2).

On December 29, 2011, the Designation and Sentence Computation Center ("DSCC") with the BOP sent a letter to Judge Camp to determine if a retroactive concurrent designation would be appropriate on the petitioner's federal sentence. (Doc. 11-12; Doc 11-4 at ¶ 11). Judge Camp did not respond to the letter.[4] (Doc. 11-4 at ¶ 11). The BOP interpreted the lack of response as a negative answer. (*Id*.) The DSCC conducted a review pursuant to 18 U.S.C. § 3621(b) and determined a *nunc pro tunc* sentence would not be appropriate. (Doc. 11-13; Doc. 11-4 at ¶ 11).

(Doc. 33 at 1-5). Premised on these facts, the magistrate judge concluded that, at the time of his

---

[3] The United States Marshal for the Southern District of Georgia notified the United States Marshal for the Northern District of Georgia on June 14, 2005, that the petitioner had been transferred from Liberty County to the Georgia Department of Corrections to serve his sentence. He returned the original Judgment and Commitment regarding the petitioner [t]o the Georgia Department of Corrections [so it] could be filed and maintained. (Doc. 31-1 at 6 of 20).

[4] United States District Judge Jack T. Camp retired on November 19, 2010. *Biographical Directory of Federal Judges: Jack Tarpley Camp, Jr.*, Federal Judicial Center (September 23, 2013), http://www.fjc.gov/servlet/nGetInfo?jid=360&cid=999&ctype=na&instate=na.

sentencing on the federal charge, Taylor was in the primary custody of the Georgia authorities. He further found that the petitioner properly served his Liberty County sentence before the federal sentence, and that Taylor is not entitled to immediate release. (*Id*. at 5-10).

## DISCUSSION

Taylor advances three objections. First, he argues that "the <u>active</u> <u>detainer</u> that belonged to Liberty County, Georgia is nowhere found in the [Interstate Agreement on Detainers] Act or Legislative History for the purpose of a writ of habeas corpus ad prosequendum..." (Doc. 34 at 2). As noted by the magistrate judge:

> The Interstate Agreement on Detainers Act ("IADA") does not define "detainer." *United States v. Mauro*, 436 U.S. 340, 359 (1978). However, the House and Senate Judiciary Committee Reports do so, as merely "a notification filed with the institution in which a person is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." *United States v. Scallion*, 548 F.2d 1168, 1173 (5th Cir. 1977) (citing U.S. Code Cong. & Admin. News 1970, p. 4865)....

(*Id*. at 6, n.12). A writ of habeas corpus *ad prosequendum* is not a detainer and did not change Taylor's status as being in the custody of the State of Georgia at the time he was "borrowed" on the writ. *See Mauro*, 436 U.S. at 358-61. Thus, the magistrate judge is correct in concluding that Taylor remained in state custody. This objection is without merit.

Next, Taylor complains that the magistrate judge misapplied 18 U.S.C. § 3585. His argument is premised on the factual assertion that when he was sentenced by Judge Camp on April 14, 2004, he was in federal custody with the United States Marshal's Service. (Doc. 34 at 3). The court agrees that, on April 14, 2004, Taylor was in federal custody; however, that was temporary custody derived from the use of a writ of habeas corpus *ad prosequendum*. As discussed above, he remained in the primary custody of Georgia authorities. Accordingly, the Court finds that the magistrate judge

properly applied § 3585 to Taylor's situation.

Lastly, Taylor argues that the Bureau of Prisons ("BOP") improperly considered the "no response" from Judge Camp.  When the BOP did not receive a response from Judge Camp, the required review under 18 U.S.C. § 3621(b) was conducted.  It was determined that *nunc pro tunc* designation would not be appropriate.  (Doc. 11-4 at ¶ 11; Doc. 11-13).  Taylor's conclusory challenge to that determination is insufficient to warrant any relief.

## CONCLUSION

The Court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation (doc. 33) and the petitioner's objections (doc. 34) and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved.  The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accord with the recommendation, this petition for writ of habeas corpus is due to be denied and dismissed with prejudice.  An appropriate order will be entered.

**DONE** this the 29th of August, 2014.

                                                                                    *[signature]*
                                                                                    **VIRGINIA EMERSON HOPKINS**
                                                                                    United States District Judge